UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

ROBERT WEIDE,

**DEFENDANTS' PROPOSED**
Plaintiff,    **JURY CHARGE**

-against-

THE CITY OF NEW YORK, a municipal entity, NEW
YORK CITY POLICE OFFICER BRETT FONTANA,
Shield No. 5559, ANTHONY BURGIO; SERGEANT
GRAVELLI; LIEUTENANT CASEY,

Defendants.

-------------------------------------------------------------------- x

Defendants, by their counsel, Corporation Counsel of the City of New York,

request, pursuant to Rule 51 of the Federal Rules of Civil Procedure, that the Court give the

following instructions to the jury.

## PART I: GENERAL INSTRUCTIONS[1]

### INSTRUCTION NO. 1

### Duty of the Court

We are now approaching the most important part of this case, your deliberations.

You have heard all of the evidence in the case, as well as the final arguments of the lawyers for

the parties.  Before you retire to deliberate, it is my duty to instruct you as to the law that will

govern your deliberations.  As I told you at the start of this case, and as you agreed, it is your

duty to accept my instructions of law and apply them to the facts as you determine them.

---

[1] Defendants respectfully reserve the right to include additional substantive jury charges, if necessary, at the time of trial based upon the proceedings. These instructions were taken directly from and/or adapted from the jury charges given in the following cases:  Guy Coston v. The City of New York, 05 Civ. 4781 (HB)(S.D.N.Y. 2007); Anthony Estes v. Sgt. Pappas, et al., 01 Civ. 5158 (SLT)(E.D.N.Y. 2008); Marcus Blue v. City of New York, et al., 07 Civ. 6471 (GEL) and Schwartz, Section 1983 Litigation: Jury Instruction Volume 4.

Regardless of any opinion that you may have as to what the law may be or ought to be, it is your sworn duty to follow the law as I give it to you.  Also, if any attorney or other person has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

Because my instructions cover many points, I have provided each of you with a copy of them not only so that you can follow them as I read them to you now but also so that you can have them with you for reference when you begin your deliberations.  In listening to them now and reviewing them later, you should not single out any particular instruction as alone stating the law, but you should instead consider my instructions as a whole.

## INSTRUCTION NO. 2

### Duty of the Jury

Your duty is to decide the fact issues in the case and arrive, if you can, at a verdict. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you determine them.

In determining the facts you must rely upon your own recollection of the evidence. None of what the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions, is evidence. Nor is anything I may have said evidence.

The evidence before you consists of just three things: the testimony given by witnesses that was received in evidence, the exhibits that were received in evidence, and any stipulations of the parties that were received in evidence.

Testimony consists of the answers that were given by the witnesses to the questions that were permitted either here in court or in the depositions that were read into evidence. Please remember that questions are never evidence; only answers are evidence. However, at times, during the course of this trial, counsel for the plaintiffs and defendant may have incorporated into their questions statements that they have asked the witness to assume as true. If the witness denied the truth of these statements, and if no other evidence was introduced to prove the assumed fact was true, then you may not consider it to be true simply because it was contained in a lawyer's question. On the other hand, if the witness acknowledged the truth of the statement, you may, of course, consider the witness's answer as evidence that the statement is in fact true. Also, you may not consider any answer that I directed you to disregard or what I

directed be stricken from the record. Likewise, you may not consider anything you heard about the contents of any exhibit that was not received in evidence.

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All such questions of law must be decided by me. You should not show any prejudice against any attorney or party because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury, or asked me for a ruling on the law.

I also ask you to draw no inference from my rulings or from the fact that upon occasion I asked questions of certain witnesses. My rulings were no more than applications of the law and my questions were only intended for clarification or to expedite matters. You are expressly to understand that I have no opinion as to the verdict you should render in this case.

## INSTRUCTION NO. 3

### Duty of Impartially

You are to perform your duty of finding the facts without bias or prejudice or sympathy as to any party, for all parties are equal under the law. This case should be considered and decided by you as an action between parties of equal standing in the community.

It would be improper for you to consider any personal feelings you may have about one of the parties' race, religion, national origin, sex, age, or occupation. It would be equally improper for you to allow any feelings you might have about the nature of the claim to influence you in any way. You are to perform your final duty in an attitude of complete fairness and impartially. You are not to be swayed by rhetoric or emotional appeals.

It must be clear to you that if you were to let prejudice or bias or sympathy interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict. So do not be guided by anything except clear thinking and calm analysis of the evidence. Your verdict will be determined by the conclusions you reach, no matter whom the verdict helps or hurts. The parties in this case are entitled to a trial free from prejudice. You must reach your verdict through a fair and impartial consideration of the evidence.

## INSTRUCTION NO. 4

### Burden of proof; Preponderance of the Evidence

The burden of proof in this cases is on the plaintiffs to prove each essential element of their claims by a preponderance of the credible evidence. You are most likely familiar with the standard of beyond a reasonable doubt, which is the burden of proof in a criminal case. That standard does not apply to a civil case such as this, and you should therefore put it far from your mind.

To "establish by a preponderance of the credible evidence" means to prove that something is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. The phrase refers to the quality and persuasiveness of the evidence in convincing you of its truth, not to the number of witnesses or documents. If you find that the credible evidence on an issue is evenly divided between the parties - - that is, equally probable that one side is right as it is that the other side is right - - then you must decide that issue in favor of the defendants. That is because the party who has to shoulder the burden of proof must prove more than simple equality of evidence - - the party must prove its claim by a preponderance of the evidence. On the other hand, the party that has to shoulder the burden of proof need prove no more than a preponderance. So long as you find the scales tip, however slightly, in favor of the plaintiff – that what the plaintiff claims is more likely true than not true - - then the plaintiff will have proven his claims by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of the evidence in this case, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have introduced them.

## INSTRUCTION NO. 5

### Evidence to be Considered

The evidence upon which you are to decide what the facts are in this case comes either from:

1.  Sworn testimony of witnesses, including prior sworn testimony such as a deposition – both on direct and cross-examination and regardless of who called the witness.

2.  Exhibits that the court received into evidence.

3.  Stipulation:  A stipulation of fact (if there is any) is an agreement among the parties that a certain fact is true.  You must regard such facts as true.

### What is Not Evidence

Certain things are not evidence and are to be disregarded in deciding what the facts are:

1.  Arguments or statements by lawyers; including openings and summations;

2.  Objections to questions;

3.  Testimony that has been excluded, stricken, or that you have been instructed to disregard;

4.  Anything you may have seen or heard outside the courtroom is not evidence.

**INSTRUCTION NO. 6**

**Direct and Circumstantial Evidence**

In making your determinations, you may consider evidence which is either direct or circumstantial.

Direct evidence is that which a witness testifies that the witness has perceived. For example, where a witness testifies to what he or she saw, heard or observed, that is called direct evidence. Direct evidence may also be in the form of an exhibit admitted into evidence.

Circumstantial evidence is proof of a chain of facts and circumstances from which other inferences may be drawn. You are allowed to make reasonable inferences from particular facts that are established by direct evidence. To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but that the courtroom blinds were drawn and you could not look outside. Then later, as you were sitting here, people began walking in with wet umbrellas and, soon after, others walked in with wet raincoats.

Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of the facts about the umbrellas and the raincoats, it would be reasonable for you to conclude that it had begun raining. That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact.

Many material facts - - such as state of mind - - are rarely susceptible of proof by direct evidence. Usually such facts are established by circumstantial evidence. The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence and you can consider either or both, and can give them such weight as you conclude is warranted. The question in this case is whether, based upon all the evidence,

both direct and circumstantial, the party with the burden of proof has proved its case by a preponderance of the evidence.

As you can see, the matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a logical, factual conclusion which you might reasonably draw from other facts that have been proved.  You are permitted to draw inferences - - but are not required to do so - - from either direct or circumstantial evidence.  In drawing inferences you should exercise your common sense.

There are times when different inferences may be drawn from facts, whether they are proved by direct or circumstantial evidence.  Plaintiff may ask you to draw one set of inferences.  Defendants may ask you to draw another.  It is for you, and for you alone, to decide what inferences you will draw.

## INSTRUCTION NO. 7

## Witness Credibility

It must be clear to you by now that the parties are asking you to draw very different conclusions about various factual issues in the case.  An important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed.  In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide which witnesses were telling the truth and which witnesses were not, and the importance of each witness's testimony.

It is your determination as to a witness's credibility that counts.  Your decision whether or not to believe a witness may depend on how that witness impressed you.  Was the witness candid, frank and forthright; or did the witness seem as if he was hiding something, being evasive or suspect in some way?  How did the way the witness testified on direct examination compare with how the witness testified on cross-examination?  Was the witness consistent or did he or she contradict himself?  Did the witness appear to know what he or she was talking about?  Did the witness strike you as someone who was trying to report his or her knowledge accurately?  These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is or is not truthful.

Your decision whether or not to believe a witness may also depend on whether, or the extent to which, the witness's testimony is corroborated or supported by other evidence in the case.

Even if the witness was impartial, you should consider whether the witness had an opportunity to observe the facts he or she testified about.  Ask yourselves whether the witness's recollection of the facts stands up in light of all other evidence.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter where you are trying to decide if a person is truthful, straightforward and accurate in his or her recollection.  Consider the person's demeanor, the explanations given in light of all the other evidence in the case, or the lack of evidence in the case.  In deciding the question of credibility, remember that you should use your common sense, your good judgment, and your experience.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony.  Two or more persons witnessing an incident or a transaction may see or hear it differently.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

If a person is shown to have knowingly testified falsely concerning any important or material matter, you have a right to distrust the testimony of such an individual concerning other matters.  You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves.

A witness may be inaccurate, contradictory or even untruthful in some respects and yet may be entirely credible in the essence of his testimony.  It is for you to say whether his or her testimony in this trial is truthful in whole or in part, and to give it such weight as you believe it deserves.

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue in this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in this case.

## **INSTRUCTION NO.8**

## **Discrepancies in Testimony**

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent mis-recollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

## **INSTRUCTION NO. 9**

### **Falsus in Uno**

       If you find that any party or witness has willfully testified falsely as to any material fact, the law permits you to disregard completely the entire testimony of that party or witness upon the principle that one who testifies falsely about one material fact is quite likely to testify falsely about other matters of importance.  You are not required, however, to consider such a party or witness as totally unworthy of belief.  You may accept so much of his or her testimony as you deem true and disregard what you feel is false.  By the process which I have described, you, as the sole judges of the facts, determine which witnesses you will believe, what portion of their testimony you accept and what weight you will give it.

## INSTRUCTION NO. 10

### Impeachment by Prior Inconsistent Statements

You have heard evidence that at some earlier time, at a deposition, witnesses have said something which counsel argue is inconsistent with the witness' trial testimony.

Evidence of a prior inconsistent statement given at a deposition was placed before you for the purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself or herself.  If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all of the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the trial testimony of the witness.

## INSTRUCTION NO. 11

## Prior Inconsistent Statement

Evidence that at some other time a party to this case has said or done something which is inconsistent with the party's testimony at the trial, and by such statement, or other conduct, admits some fact or facts against his or her interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

## INSTRUCTION NO. 12

### Interest in Outcome

In evaluating the credibility of the witnesses, you may take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Such an interest in the outcome may sway the witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely, or conversely, that witnesses with no apparent interest in the case will always tell you the truth. It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

## INSTRUCTION NO. 13

## Number of Witnesses

Keep in mind too that the test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence; but which witnesses, and which evidence, appeal to your minds as being most accurate and otherwise trustworthy. It is the quality not the quantity of the evidence that counts.

## Part II:  SUBSTANTIVE LAW

## Section 1983

I will now instruct you on the law that governs each claim.

Plaintiff brings his action under the Federal Civil Rights Act, Title 42 of the United States Code, section 1983, which reads in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ….

Section 1983 itself does not establish or create any federally protected right. Rather, it is the statute that allows a plaintiff to enforce rights guaranteed to him by the federal Constitution. Later in these instructions, I will explain to you what the specific federal constitution rights at issue in this case are and what the plaintiff must prove to demonstrate a violation of his rights.

## Elements

To establish a claim under Section 1983 against defendants, plaintiff must prove, by a preponderance of the credible evidence, each and every one of the following:

First, that the conduct complained of was committed by a person acting under color of state law;

Second, that this conduct deprived him of a right protected by the Constitution of the United States; and

Third, that the defendant's conduct was the proximate cause of the injuries and damages sustained by the plaintiff.

I instruct you that the parties stipulate and agree that the defendants were acting under color of state law.  Therefore, you need not consider the first element since it is already established.  I will now explain the second and third elements in more detail.

### <u>Second Element: Deprivation of a Right</u>

In considering the second element of the plaintiff's claims against defendants, that is, that he was deprived of a federal right, plaintiff must prove each of the following by a preponderance of the credible evidence:

First, that the defendants committed the acts alleged by plaintiff;

Second, that those acts caused plaintiff to suffer the loss of a federal right;

Third, that in performing the acts alleged, defendants acted intentionally or recklessly.

I will now explain each of these elements to you.

You must first determine whether defendants committed the alleged acts.  The law imposes liability only upon a defendant who "subjects, or causes to be subjected" any person to the deprivation of any federal right.  Thus, in order for plaintiff to prevail on his claims, there must be some evidence of personal involvement by defendants.  Under the law, a defendant is considered to have been personally involved in a constitutional violation if the defendant in question directly participated in the alleged wrongful acts.  Therefore, you must first make a determination of personal involvement for the defendants for the constitutional violations alleged by the plaintiff.  If you find that a defendant was not personally involved in the deprivation of the plaintiff's constitutional rights, then you must find for the defendant on that alleged violation.  If, however, you find that a defendant was personally involved in the deprivation of the plaintiff's constitutional rights, then you must go on and determine whether plaintiff has proved the other elements of his claims regarding the deprivation of his constitutional rights.

Second, if you determine that a defendant committed those acts, you must determine whether those acts caused the plaintiff to suffer the loss of a federal right. Plaintiff alleges that defendants falsely arrested him, subjected him to excessive force, and maliciously prosecuted him.

Third, the plaintiff must establish that defendants acted intentionally or recklessly. An act is intentional if it is done voluntarily and deliberately, and not because of mistake, accident, negligence or other innocent reason. An act is reckless if done in conscious disregard of its known probable consequences. In determining whether defendants acted with the requisite state of mind, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to rely on your understanding of what was done, what the people involved said was in their minds, and your belief or disbelief with respect to those facts and statements.

### Third Element: Proximate Cause

The third element which the plaintiff must prove by a preponderance of the credible evidence is that defendants' acts were a proximate cause of the injuries sustained by the plaintiff. Proximate cause means that there must be a sufficient causal connection between the defendants' acts or omissions and an injury or damage sustained by the plaintiff.

A proximate cause need not always be the only cause either in time or space. There may be more than one proximate cause of an injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together to cause an injury.

Put another way, defendants are not liable if the plaintiff's injuries were caused by conduct independent of the defendant's act or omission or if such conduct produced a result which was not reasonably foreseeable to defendants.

### Excessive Force

Plaintiff alleges that defendants violated his Fourth Amendment rights by using excessive force insofar as he alleges that defendants twisted his arm causing him injury. Defendants deny any excessive force was used. Therefore, you must first determine whether the defendants actually committed the acts alleged by plaintiff. If you answer no, then your deliberations are over with respect to this claim. If you answer is yes, then you must determine whether the acts of defendants caused the plaintiff to suffer the loss of a federal right.

The Fourth Amendment guarantees that every person has the right not to be subjected to excessive force while being restrained or taken into custody by a law enforcement officer. A police officer may use only such force as is reasonably necessary under the circumstances that exist at the time of the restraint.

What is unreasonable force? It is force beyond that which is necessary or reasonably required to restrain an individual. Unreasonable force is a relative term, and you must take into account all of the circumstances surrounding the plaintiff's restraint. Moreover, police officers are authorized to use some degree of physical coercion to effectuate a detention. You are not to consider their subjective intent or motivation. In fact, in restraining an individual or taking an individual into custody, a police officer is not constitutionally required to be courteous. That means that "evil intentions" will not be considered excessive force if the force used was in fact reasonable. Additionally, the reasonableness of a particular use of force must be judged from the perspective of a reasonable police officer on the scene, rather than with the 20/20 vision of hindsight.

In determining whether the constitutional line has been crossed, you must look to such factors as the need for the application of force, the relationship of the need and the amount of force that was used, if any, and the extent of the injury inflicted. Although the severity of plaintiff's alleged injuries is not determinative, it is relevant to the consideration of whether the alleged force was reasonable. The Constitution must not be trivialized. Not every push or shove by a police officer, even if it may later seem unnecessary in the peace and quiet of this courtroom, constitutes excessive force.

Handcuffing someone too tightly in and of itself does not constitute excessive force. To be effective, handcuffs must be tight enough to prevent the arrestee's hands from slipping out. In determining whether or not a defendant's use of handcuffs constituted excessive force, you must consider whether or not they had a reasonable opportunity to ascertain whether the handcuffs were in fact too tight, whether they had a reasonable opportunity to loosen the handcuffs, and the degree of injury, if any, to the plaintiff's wrists. An arrestee's complaints to officers that his wrists hurt are insufficient as a matter of law to suggest that the handcuffing was brutal or offensive to human dignity or unreasonable. Even an allegation of minor injuries from handcuffs does not rise to the level of objective excessive force that reasonable officers would consider to be unlawful conduct in an arrest situation.

If you find that a defendants' use of force against a plaintiff was reasonable, you must return a verdict in favor of that defendant. If you find that a use of force was unreasonable against a plaintiff, your verdict must be for that plaintiff. In that case, you must then determine whether that plaintiff's alleged injuries were proximately caused by a particular defendant's use of excessive force.

## PART III: DAMAGES

I have a few cautionary instructions to give you before I define the types of damages you may award if the plaintiff has proved liability according to the standards I have just

set forth.  Even though I am going to instruct you now on how to award damages, it does not mean that I have any opinion on whether or not the defendants should be held liable. Instructions as to the measure of damages are required to be given for your guidance in the event you should find that any actual damages were proved by a preponderance of the credible evidence by plaintiff in this case according to the instructions I have given to you.

### Damages:  Compensatory damages

If you believe that plaintiff has proven he was falsely arrested and/or subjected to excessive force and/or maliciously prosecuted by a preponderance of the credible evidence, then, and only then, should you consider the issue of damages.  If you return a verdict for defendants on all claims, then you need not consider damages.

If you return a verdict for the plaintiff, then you may award a plaintiff such sum of money as you believe will fairly and justly compensate them for any injury you believe the actually sustained as a direct consequence of the conduct of the defendants.  These damages are called compensatory damages.  The purpose of compensatory damages is to make the plaintiff whole - - that is, to compensate the plaintiff for the damage that each has proven by a preponderance of the credible evidence.

Moreover, you shall award actual damages only for those injuries that you find plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by the defendants. That is, you may not simply award actual damages for any injury suffered by a plaintiff — you must award actual damages only for those injuries that are a direct result of actions by the defendants and that are a direct result of conduct by the defendants that was a violation of plaintiff's constitutional right.

Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant.  You should not award compensatory damages for

speculative injuries or based on sympathy, but only for those injuries which the plaintiff has actually suffered. Compensatory damages must be based on the evidence presented at trial, and only on that evidence.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiff prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances.

### **Nominal damages**

If you return a verdict for the plaintiff, but then find that plaintiff failed to prove by a preponderance of the credible evidence that they suffered any compensatory damages, then you may return an award of damages in some nominal or token amount not to exceed the sum of one dollar. This is called nominal damages.

Nominal damages may be awarded when a plaintiff has been deprived by a defendant of a constitutional right but has suffered no actual damages as a natural consequence of that deprivation. The mere fact that a constitutional deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation. Therefore, if you find that plaintiff has suffered no injury as a result of the defendants conduct other than the fact of a constitutional deprivation, you may award nominal damages not to exceed one dollar.

## Punitive Damage[2]

Plaintiff also seeks punitive damages here.  If plaintiff has proven by the preponderance of the evidence that a defendant is liable, then you may, but you are not required, to determine whether the plaintiff is entitled to punitive damages.  Punitive damages are not awarded as a matter of right but are awarded only if you believe the defendants acted so outrageously and evidenced such a degree of malice or callousness that they deserve to be punished, and that an example and deterrent needs to be provided to assure that the defendant and others will be less likely to engage in such conduct in the future.

You may award the plaintiff punitive damages only if you find the acts or omissions of either of the defendants were done "maliciously" or "wantonly."  An act is maliciously done if it is prompted by ill will or spite toward the plaintiff. An act is wantonly done if it is done in reckless or careless disregard of or with indifference to the rights of the injured plaintiff.  The plaintiff has the burden of proving by a fair preponderance of the credible evidence that a defendant acted maliciously or wantonly with regard to his rights.  I instruct you, however, that  even if plaintiff succeeds in proving that a defendant acted maliciously or wantonly, an award of punitive damages is entirely discretionary and  you may still decide not to award punitive damages.

In making this particular decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded to punish a defendant for outrageous conduct and to deter him and others like him from engaging in similar conduct in the future.  Thus, in deciding whether to award punitive damages, you should consider whether the defendant may be adequately punished by an award of actual damages only or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct.  You should also consider

---

[2] Defendants contend that after hearing the evidence, the Court will determine that no rationale jury could find punitive damages against the defendants in this case, defendants propose the following language on punitive damages only if the Court finds that the charge is warranted.

whether actual damages, standing alone, are likely to deter or prevent this defendant and others like him from engaging in the wrongful acts that may have been performed or whether punitive damages are necessary to provide deterrence.

I can give you no objective yardstick for measuring punitive damages. You will have to use your own common sense and experience and determine what amount would be appropriate to punish the defendants and to create a deterrent example. The amount of punitive damages should be fair and reasonable. It should take into account the degree of reprehensibility of the defendant's conduct and the relationship to the actual harm inflicted on the plaintiff. It should be proportionate to the need to punish the defendant and to deter him and others from like conduct; it should not be based on whim or on unrestrained imagination.

### Damages: final word.

Again, let me repeat that the fact that I have instructed you as to the proper measure of damages should not be considered as intimating that I have any view as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are required to be given for your guidance in the event you should find that any actual damages were proved by a preponderance of the evidence by the plaintiff in this case according to the instructions I have given to you.

### PART IV: CONCLUDING INSTRUCTIONS

### Selection of Foreperson; Right to See Exhibits and Hear Testimony;

### Communications with the Court

You will shortly retire to the jury room to begin your deliberations. As soon as you get to the jury room, please select the foreperson, to preside over your deliberations and to serve as your spokesperson if you need to communicate with the Court.

You will be bringing with you into the jury room a copy of my instructions of law.  I will shortly send you as well a verdict form on which to record your verdict.  If you want to see any of the exhibits, please send me a note requesting the exhibits you'd like to review.

If you want any of the testimony, that can also be provided, either in transcript or readback form.  But, please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of testimony.

Any of your requests, in fact any communication with the Court, should be made to me in writing, signed by your foreperson, and given to the marshal, who will be available outside the jury room throughout your deliberations.  After consulting with counsel, I will respond to any question or request you have promptly as possible, either in writing or by having you return to the courtroom so that I can speak with you in person.

### **Verdict; Need for Unanimity; Duty to Consult**

You should not, however, tell me or anyone else how the jury stands on any issue until you reached your verdict and recorded it on your verdict form.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case; and your verdict must be unanimous.  In deliberating, bear in mind that while each juror is entitled to his or her opinion, each should exchange views with his or her fellow jurors.  That is the very purpose of jury deliberation:  to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach a verdict based solely and wholly on the evidence.

If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your view simply because you are outnumbered.  On the other hand, you should not hesitate to change

or modify an earlier opinion that, after discussion with your fellow jurors, no longer persuades you.  In short, the verdict must reflect each juror's conscientious determination and it must also be unanimous.

Dated:          New York, New York
                March 26, 2009

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel
                                        of the City of New York
                                        Attorneys for Defendants
                                        100 Church Street
                                        New York, New York 10007
                                        (212) 788-1894/1177


                                        By: _____
                                        Leticia J. Santiago
                                        David Pollack
                                        Ben Stockman