UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

ROBERT WEIDE,

       Plaintiff,

   -against-                                   07 Civ. 693 (CM)

CITY OF NEW YORK, est al.,

       Defendants.

---------------------------------------------------------------x

### ORDER ON PRETRIAL *IN LIMINE* MOTIONS

McMahon, J.:

      This is a civil rights action in which plaintiff Robert Weide seeks relief for defendants' violation, under color of state law, of his rights, privileges and immunities secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments the the United States Constitution, and the Constitution and laws of the state of New York, on or about March 18, 2005.

      Plaintiff's complaint alleges that defendants, City of New York, a municipal entity, and New York City Police Officers Brett Fontana, Anthony Burgio, Sergeant Vincent Gravelli and Lieutenant Michael Casey, acting individually and in their individual capacities, jointly and severally, either caused and/or failed to prevent plaintiff to be subject to excessive and unreasonable force, causing him serious bodily injury. However, plaintiff now moves to dismiss his claims against the City of New York, Sergeant Vincent Gravelli and Lieutenant Michael Casey, along with "John Does 1-10." Plaintiff also moves to dismiss his state law claims foe negligence, negligent training, hiring and supervision and conspiracy. Plaintiff's motions are granted. Thus, the only claims remaining for trial are the excessive force claims against Police Officers Fontana and Burgio.

      Plaintiff seeks compensatory and punitive damages, declaratory relief and an award of attorney fees and costs.

      In anticipation of the upcoming trial, the parties have made various motions *in limine*.

#### Plaintiff's Motions *In Limine*

      Plaintiff asks the Court to issue an order precluding defendants from introducing at trial (1) Civilian Complaint Review Board ("CCRB") documents titled, "Summary Complaint" and "Initial Complaint Narrative," purporting to recount plaintiff's telephonic complaint to the CCRB, (2) evidence of plaintiff's 2005 misdemeanor plea to making graffiti (the conviction resulting from the

arrest where plaintiff alleges he was subjected to excessive force in this case) and (3) evidence of plaintiff's 2008 misdemeanor arrest and conviction for criminal possession of a weapon in the forth degree (gravity knife). Plaintiff also asks that a reference to his marijuana use be stricken from medical records he seeks to introduce.

1- The CCRB reports are hearsay. Defendants can call the witness who made those reports. Indeed, defendants have included in their proposed witness list the name of the investigator from the CCRB who took plaintiff's call. Presumably that person will testify about the events memorialized in those reports. Of course, nothing in the Court's ruling precludes either party from using these documents to impeach a witness or refresh a witnesses recollection.

2- On the night of March 18, 2005, plaintiff was charged with Criminal Mischief in the Fourth Degree (NY PL §145.00(1), Making Graffiti (NY PL §145.60(2), Possession of Graffiti Instrument (NY PL §145.65), and Criminal Possession of a Weapon (Gravity Knife) in the Fourth Degree (NY PL §265.01(1). Plaintiff pled guilty to making graffiti and the other three charges were dismissed. Plaintiff paid a fine and performed community service.

Evidence about plaintiff's guilty plea to making graffiti – the plea resulting from the arrest that plaintiff alleges the defendants used excessive force in effectuating – is an integral part of the narrative in the present case. Plaintiff's admission of guilt to making graffiti will help the jury to understand the encounter between Mr. Weide and the police officer defendants. The admission of this evidence will eliminate any speculation as to whether the police officers were authorized to make an arrest, allowing the jury to focus on the germane question in this case: Did the police use excessive force in effectuating plaintiff's arrest?

Defendants are precluded from introducing evidence about the dismissed gravity knife charge, since plaintiff was not convicted of possessing a gravity knife. Possession of such a knife does not bear on plaintiff's character for truthfulness and would only serve to prejudice plaintiff. See Fed. R. Evid. §§ 609, 608(b) and 403.

3- Evidence about plaintiff's 2008 misdemeanor conviction for possession of a gravity knife is precluded. The conviction suggest nothing about plaintiff's character for truthfulness and would unfairly prejudice plaintiff in the eyes of the jury. See Fed. R. Evid. §§ 608(b) and 403.

4- Plaintiff underwent surgery for a scaphoid fracture to his left wrist– the fracture plaintiff says resulted from defendants' excessive force. A notation in the medical history section of plaintiff's "pre-operation assessment" form indicates that plaintiff used marijuana at some point in the past. Plaintiff would like to offer the surgical reports in evidence, but asks that the reference to marijuana use be stricken.

Assuming plaintiff's medical records are properly authenticated, the records will be admitted with the reference to plaintiff's marijuana usage redacted. The reference to past marijuana use has zero relevance to the issues in this case. Defendants have not alleged that plaintiff was smoking pot or using any other illegal drug on the night of his arrest. The reference to marijuana use would unfairly prejudice plaintiff. See Fed. R. Evid. § 403.

The Defendants' Motions *In Limine*

*CCRB Evidence*

Defendants seek to preclude introduction of the Civilian Complaint Review Board ("CCRB") complaint histories for defendants Police Officers Fontana and Burgio.

Burgio's CCRB history contains a complaint for excessive force in 2001. After an investigation, Burgio was exonerated of that claim. Fontana's CCRB history appears to contain at least three complaints: two complaints for excessive force that were deemed unfounded and a complaint for making an improper sexual comment that was dismissed based upon the complainant's failure to cooperate.

Rule 404(b) prohibits the introduction of evidence of prior wrongs or acts "to prove character of a person in order to show action in conformity therewith." Such evidence may only be admitted to show "motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake. Fed. R. Evid. 404(b). Courts have consistently prohibited litigants from introducing evidence of a party's prior misconduct in an attempt to prove the party's propensity to commit the particular act in question.

In Berkovich v. Hicks, 922 F.2d 1018, 1022-23 (2d Cir. 1991), the Second Circuit Court of Appeals upheld the exclusion of prior CCRB complaints lodged against a defendant police officer who was accused of excessive force. The Second Circuit rejected the plaintiff's contention that the prior complaints demonstrated the defendant officer's "aggravated state of mind," and referred to the plaintiff's assertion as "no more than a veiled attempt to do what Rule 404(b) expressly prohibits." Id. The Court also rejected the argument that the prior complaints established the defendant officer's "pattern of conduct," noting that, to merit admission under such a theory, "the extrinsic acts must share 'unusual characteristics' with the act charged or represent a 'unique scheme'" Id.

Although plaintiff ultimately concedes that the law in this circuit precludes plaintiff from cross-examining the officers about the CCRB allegations (see Plaintiff's Memo in Opp to Deft's First and Second Motions In Limine at 4), plaintiff argues nonetheless that he should be able to impeach the officers with this evidence if the officers "open the door" by testifying that they have never been accused of using excessive force.

The CCRB evidence is off-limits. However, if the defense were to inexplicably elicit testimony from either or both of the officers that suggested that the officers "were never previously accused of using excessive force," the plaintiff would be free to impeach such testimony with the CCRB evidence.

*NYPD Patrol Guide*

Plaintiff seeks to introduce Section 203-11 of the NYPD Patrol Guide, governing the use of Force.

In civil rights actions brought to enforce rights created by the Constitution and § 1983, the contents of police patrol guides or other internal procedural guidelines have been regarded as **relevant** to a determination of whether a violation of such rights occurred. See, e.g., Latino Officers Association v. City of New York, No. 97 Civ. 1384, 1998 WL 80150 (S.D.N.Y. Feb. 25, 1998) (in action by Latino police officer association to remedy alleged violations of their free association rights by the NYPD, court considered plaintiffs' claim that the NYPD "violated its own Patrol Guide); Aboulissan v. City of New York, No. CV-88-0420, 1991 WL 37067 (E.D.N.Y. March 15, 1991) (in action alleging that a narcotics investigation violated plaintiff's Fourth Amendment rights, court directed production of relevant and non-sensitive portions of the Organized Crime Control Bureau Narcotics Division Manual of Procedures); Jones v. Chieffo, 833 F.Supp. 498 (E.D.Pa.1993) (in action alleging Fourth and Fourteenth Amendment violations arising out of high speed automotive police chase and subsequent automobile collision, court held that officer's disregard of existing police directive on pursuits was relevant on issue of liability, although "[v]iolation of police pursuit guidelines are not dispositive that a police officer acted with reckless indifference to the public safety. Other factors are also relevant.") (citation omitted).

While NYPD Patrol Guide Section 203-11, dealing with the use of force, does not give rise to an independent legal right, it is **relevant** to determining whether plaintiff's federal Fourth Amendment right was violated because it provides insight into what the Police Department deems to be reasonable and appropriate use of force. Thus, defendants' compliance or noncompliance with Patrol Guidelines Section 203-11 is not dispositive of plaintiff's excessive force claim but it is nonetheless relevant to the jury's determination of whether the defendants acted reasonably.

Plaintiff can elicit testimony about the "Use of Force" section of the Patrol Guide.

### *Evidence of Indemnification/"City Attorneys"*

Plaintiff seeks to put before the jury the fact that the defendant officers in this case will be indemnified by the City. Conversely, defendants ask that there be no reference that the officers are represented by "city attorneys."

Indemnification has no bearing on the facts of plaintiff's claims. The existence of an indemnification agreement is relevant only where the individual defendants adduce evidence of their personal financial resources at trial. Mathie v. Fries, 121 F.3d 808, 816 (2d Cir. 1997). Here, defendants represent that they will not be offering any such evidence. (Deft's. Mot. *In Limine* at 16). Accordingly, there will be no reference to any indemnification arrangements.

Defendants request that the Court keep secret the fact that the city is representing the officer is beyond frivolous. The Jury will be told that the defendants are represented by the New York City Corporation Counsel.

### *Plaintiff's Expert Report*

Plaintiff seeks to introduce a report prepared by his expert witness, Dr. Nader Paksima. Dr. Paksima's report is hearsay. The doctor can testify about his findings.

This constitutes the decision and order of the Court.

Dated: April 7, 2009

_____
U.S.D.J.

BY HAND TO ALL PARTIES